IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE,<br><br>    Plaintiff,<br><br>  v.<br><br>LYDIA CENCIL,<br><br>    Defendant.                                 / | No. C-10-01169 EDL<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION TO REMAND** |

    Plaintiff Wells Fargo Bank has filed a motion to remand this unlawful detainer complaint to Contra Costa County Superior Court following Defendant Lydia Cencil's procedurally and substantively improper removal. Defendant has not opposed the remand motion or consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). For the following reasons, the Court recommends granting the motion to remand.

**Background**

    This action began as a residential unlawful detainer action filed by Plaintiff in Contra Costa County on October 23, 2009. Plaintiff alleges that it is the owner of and entitled to immediate possession of the real property located at 2528 Crystal Way in Antioch. Compl. ¶ 1(b), 5. The property was allegedly sold in accordance with California law under a power of sale contained in a deed of trust executed by Defendant. Compl. ¶ 6. Plaintiff alleges that the sale has been duly perfected in Plaintiff by the recording of a Trustee's Deed Upon Sale in the Contra Costa County official records. Compl. ¶ 6.

    Plaintiff alleges that on October 10, 2009, Plaintiff served Defendant a written notice to quit

1  and deliver possession of the property to Plaintiff within three days. Compl. ¶ 7: Ex. A. Defendant
2  did not deliver possession of the property within three days, and remains in possession of the
3  property without Plaintiff's consent. Compl. ¶¶ 8, 9. Plaintiff alleges that Defendant is not a tenant
4  or subtenant. Compl. ¶ 10. The reasonable rental value of the property is at least $50.00 per day.
5  Compl. ¶ 11.

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

    **A.    The Removal Was Untimely**

Plaintiff moves to remand on the basis that Defendant's removal was untimely under 28 U.S.C. § 1446, which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed. Defendant was served with the summons and complaint on October 26, 2009, and did not remove until March 19, 2010. See Wallace Decl. ¶ 9; Ex. B. Nothing in the interim changed the nature of the original complaint or

2

1 made it any more or less removable than it was on the date it was served. Even taking into 2 consideration the leniency afforded to pro se litigants, there is no basis for Defendant's delay in 3 timely removing, so remand is appropriate on this basis. See 28 U.S.C. § 1447(c) (removed case 4 may be remanded to state court based on a "defect" in the removal procedure).

### B.     No Federal Court Jurisdiction

#### 1.     No Federal Question Jurisdiction

Defendant based removal on federal question jurisdiction, arguing that Plaintiff's allegations are claims brought under "the Federal Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, Generally Accepted Accounting Principals, the Universal Commercial Code, and thereby specifically causing the enforcement of the invalid subject Deed of Trust, and for wrongful foreclosure by a party without standing to foreclose." Notice of Removal at 1-2. Plaintiff responds that the complaint only alleged a single, state law unlawful detainer claim.

Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. Id. Further, whether a case arises under federal law does not depend upon matters raised in the answer. Holmes, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); Phillips Petroleum Co. v. Texaco, Inc., 415

3

U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'").

Here, the face of the complaint, which asserts one state law claim only, does not provide any ground for removal. To the extent that Defendant may have raised federal law issues in her answer, those issues do not provide a basis for removal. Therefore, remand is proper because the complaint, on its face, does not arise under federal law.

### 2. No Diversity Jurisdiction

Although Defendant does not ground her removal on the basis of diversity jurisdiction, Plaintiff argues that diversity jurisdiction does not exist. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Defendant has not opposed the motion or made any other effort to show that the statutory minimum of $75,000 has been met, and the face of the complaint shows that it has not been met. The cover page of the complaint states in the caption, "AMOUNT DEMANDED DOES NOT EXCEED $10,000." Wallace Decl. Ex. A. Therefore, the case was not removable as a diversity action and remand is appropriate.

### C. The Court need not reach the abstention issue

Defendant argues that the Court should remand this case based on abstention principles because this unlawful detainer action is a purely local state action. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 718 (1996) (abstention focuses on the federal court's power to refrain from hearing cases based on "'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary.") (quoting Railroad Comm'n of Texas v. Pullman Co., 312 U.S. 496, 500-01 (1941)). Because remand is appropriate in light of the procedural and substantive defects, as described above, the Court need not reach the abstention issue.

**Conclusion**

Accordingly, the Court recommends granting Plaintiff's Motion to Remand. Any party may

4

1  serve and file specific written objections to this recommendation within fourteen (14) days after
2  being served with a copy. <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-
3  3.  Failure to file objections within the specified time may waive the
4  right to appeal the District Court's order.

   **IT IS SO ORDERED**

   Dated: May , 2010

   _____
   ELIZABETH D. LAPORTE
   United States Magistrate Judge